UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :

    - v. -                                        :          12 Cr. 486 (PGG)

NEVILLE PATTERSON,                   :

                Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**SENTENCING MEMORANDUM OF THE UNITED STATES OF AMERICA**


                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for the United States of America

Edward B. Diskant
Assistant United States Attorney
    - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| - v. - | : | 12 Cr. 486 (PGG) |
| NEVILLE PATTERSON, | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### SENTENCING MEMORANDUM

The Government respectfully submits the following memorandum in connection with the sentencing of Neville Patterson (the "defendant"), which is scheduled for January 16, 2013 at 3:03 p.m. For the reasons that follow, the Government submits that a sentence within the applicable, advisory Guidelines range of 15 to 21 months' imprisonment would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing set forth in Title 18, United States Code, Section 3553(a).

### I.  BACKGROUND

**A.**   **Offense Conduct**

The defendant was charged on June 21, 2012, in Indictment 12 Cr. 486 (PGG) with one count of assaulting a federal officer and causing bodily injury in violation of Title 18, United States Code, Sections 111(a), (b) and 1114. The charge stems from a January 28, 2012 attack on an on-duty U.S. Postal Carrier who was attempting to deliver a package in the Bronx. (PSR ¶ 1.) Specifically, on that date, a postal carrier attempting to deliver a package to a "Michelle Brown" at 973 East 226th Street, Bronx, NY, encountered a man subsequently identified as the defendant. When the defendant was unable to produce identification matching the name on the

package, the postal carrier refused to allow him to sign for and claim the package. As the postal carrier attempted to return to his vehicle with the package, the defendant attacked him from behind, putting the postal carrier in a choke hold and pulling him to the ground as the defendant wrestled the package away. The defendant then fled the scene. (*Id.* ¶¶ 6-7.)

The defendant was subsequently identified and arrested on these charges in June 2012, whereupon he was detained. On September 7, 2012, the defendant entered a plea of guilty to this charge before Your Honor pursuant to an agreement with the Government. As part of that agreement, the parties stipulated to an offense level of 13, a Criminal History Category II, and a Guidelines range of 15-21 months' imprisonment.

**B.    The Guidelines Calculations**

As stipulated to by the parties as a condition of the plea agreement and as independently determined by the U.S. Probation Department in its Presentence Investigation Reports ("PSR"), the Sentencing Guidelines are applicable to the defendant in the following manner[1]:

Under the Guidelines, section 2A2.2 applies to the offense charged in Count One, and pursuant to that section, the base offense level is 14. An additional two-level enhancement is appropriate because the defendant has pleaded guilty to violating Title 18, United States Code, Section 111(b). *See* U.S.S.G. § 2A2.2(b)(6). (PSR ¶¶ 15-16.)

The defendant, through his allocation and subsequent conduct prior to sentence, has clearly demonstrated acceptance of responsibility and, accordingly, a two-level reduction is warranted. *See* U.S.S.G. § 3E1.1(a). Moreover, because the defendant accepted responsibility as

---

[1]    While the parties' plea agreement relies on the November 1, 2011 Guidelines manual which was effective at the time the agreement was entered into, the Guidelines manual in effect at the time of sentencing—i.e., the November 2, 2012 Guidelines manual—applies in this sentencing proceeding. *See* U.S.S.G. § 1B1.11.

described above, in a timely manner, thereby permitting the Government to avoid preparing for trial, an additional one-level reduction is warranted.  *See* U.S.S.G. § 3E1.1(b).

The defendant's lengthy criminal history is detailed more fully in both the PSR and the parties' plea agreement.  In brief, the defendant has 2 criminal history points deriving from six convictions, the two most serious of which pertain to possession of a controlled substance.  (PSR ¶¶ 27-41.)  Additionally, certain felony charges resulting from a physical altercation in the Bronx on or about March 23, 2010 remain pending in state court.  (*Id.* ¶¶ 43-50.)   Based on this history, the defendant is in Criminal History Category II.

With a total offense level of 13 and a Criminal History Category of 11, the defendant's advisory Guidelines range is 15 to 21 months' imprisonment.

## II.  APPLICABLE LAW

The Guidelines still provide strong guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005), although they are no longer mandatory.  "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" – that range "should be the starting point and the initial benchmark."  *Gall* v. *United States*, 128 S. Ct. 586, 596 (2007).  As the Second Circuit has noted, although the Guidelines do not dictate a presumptively reasonable sentence, they are not merely a "body of casual advice."  *United States* v. *Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted).

After making the initial Guidelines calculation, a sentencing judge must then consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the four legitimate purposes of sentencing, *see id.* § 3553(a)(2); "the kinds of

sentences available," *id.* § 3553(a)(3); the Guidelines range itself, *see id.* § 3553(a)(4); any relevant policy statement by the Sentencing Commission, *see id.* § 3553(a)(5); "the need to avoid unwarranted sentence disparities among defendants," *id.* § 3553(a)(6); and "the need to provide restitution to any victims," *id.* § 3553(a)(7). *See Gall*, 128 S. Ct. at 596 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). To the extent District Court imposes a sentence outside the range recommended by the Guidelines, the Court must "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *Cavera*, 550 F.3d at 189 (quoting *Gall*, 128 S. Ct. at 596).

### III. DISCUSSION

In light of the nature of the instant offense as well as the history and characteristics of this defendant, consistent with the recommendation of Probation, the Government respectfully submits that a sentence within the applicable advisory Guidelines range would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing. Specifically, consideration of the relevant factors set forth in Title 18, United States Code, Section 3553(a) strongly counsel in favor of a sentence within the applicable, advisory Guidelines range.

*First*, a substantial sentence is necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.  *See* 18 U.S.C. § 3553(a)(2)(A).  The seriousness of the offense requires little elaboration: the defendant attacked an on-duty postal carrier, placing him in a choke-hold and throwing him to the ground.[2]  While the victim-carrier thankfully suffered only limited injuries as a result of the attack, the offense conduct nonetheless constitutes a serious crime for which a substantial sentence is warranted and appropriate.   That the package is believed to have contained a significant quantity of marijuana, as Probation correctly surmises (PSR at 17), and that the defendant was almost certainly obtaining it for the purpose of resale, only further counsels in favor of a substantial sentence on these facts.

*Second*, a substantial sentence is necessary to afford adequate deterrence.  *See* 18 U.S.C. § 3553(a)(2)(B).   The defendant has led a generally lawless existence since coming to this country illegally as a teenager, having been arrested eleven times between 2004 and the present, and sustaining six prior convictions during that time period.   That the instant offense conduct represents a significant escalation in his criminal activity and his most serious conviction to date counsels strongly in favor of a substantial sentence in this case.  Indeed, as Probation correctly notes, the defendant's "prior convictions have resulted in lenient sentences" which have "not deterred [him] from engaging in antisocial behavior."  (PSR at 18.)  As such, a sentence within the applicable, advisory Guidelines' range is appropriate to afford adequate deterrence.

---

[2]     As the Court is aware, during the course of his plea, the defendant had some difficulty allocating to the full extent of his conduct in this respect. (*E.g.*, Tr. 18:11-19:6; 20:6-12; 21:4-11.)   The Court found the allocation sufficient to meet the elements of the offense, (*id.* 23:17-24:14), and the Government certainly does not seek to contest or disturb that finding.   The Government would reiterate, however, that aspects of the allocution are "simply not consistent with the [G]overnment's evidence with respect to this incident," and were this case to proceed to trial, "the [G]overnment would produce evidence, including testimony from the victim, to support bodily injury." (*Id.* 19:18-24.)

## IV.  CONCLUSION

For the foregoing reasons, the Government respectfully submits that a sentence within the advisory Guidelines range of 15 to 21 months' imprisonment is appropriate here and would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.


Dated: New York, New York
       January --, 2013

                                      Respectfully submitted,

                                      PREET BHARARA
                                      United States Attorney
                                      Southern District of New York


                            By:    /s/ Edward B. Diskant_____
                                      Edward B. Diskant
                                      Assistant United States Attorney
                                      (212) 637-2294